**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HARDEEP SINGH,

Petitioner,

v.

Warden of Imperial Regional Detention Facility; Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pamela Bondi, Attorney General of the United States; U.S Immigration Customs Enforcement; U.S. Department of Homeland Security, In their official capacities,

Respondents.

Case No.: 26cv1012 DMS BJW

**ORDER DENYING WITHOUT PREJUDICE SECOND PETITION, MOTION TO PROCEED IN FORMA PAUPERIS, AND MOTION FOR APPOINTMENT OF COUNSEL**

On March 24, 2026, this Court issued an order granting the petition for writ of habeas corpus and ordering Respondents to provide Petitioner with a bond hearing. Respondents complied with that order, provided Petitioner with a bond hearing, and the immigration judge denied Petitioner's request for bond.

Approximately two months later, Petitioner, who had previously been represented by counsel, filed on his own behalf a second petition, a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. (ECF Nos. 8-10.) Respondents

filed a Return to the second petition arguing the Court should reject it because it was filed by Petitioner on his own behalf and Petitioner's attorney has not filed a motion to withdraw as counsel.

Civil Local Rule 83.3.f.1 states:

> Whenever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has first have been made by the Court, after notice to the attorney of such party, and to the opposite party; provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared, or is represented by an attorney.

Civ. L. R. 83.3.f.1. Here, Respondents are correct that Petitioner's counsel has not filed a motion to withdraw. However, Petitioner's recent filings clearly suggest the relationship between Petitioner and his counsel has been severed. If that is in fact the case and Petitioner wants to proceed with this case and have the Court consider his motion for appointment of counsel, Petitioner *and his counsel* must file a motion for substitution that substitutes Petitioner, pro se, in place of his current counsel. Unless and until that motion is filed, the Court must deny without prejudice the second petition as well as Petitioner's motions to proceed in forma pauperis and for appointment of counsel.

**IT IS SO ORDERED**.

Dated: July 30, 2026

Hon. Dana M. Sabraw
United States District Judge